**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| **Bethany Wheat**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:21-cv-148 |
| | ) |
| **Heartland Coca-Cola Bottling Company, LLC,** | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1332, 1441, and 1446, and Local Rule 81-2.03, Defendant Heartland Coca-Cola Bottling Company, LLC ("Heartland Coca-Cola") removes to the U.S. District Court for the Eastern District of Missouri the action styled *Bethany Wheat v. Heartland Coca-Cola Bottling Company, LLC*, Case No. 20CG-CC00361, currently pending in the Circuit Court of Cape Girardeau County, Missouri. In support of removal, Heartland Coca-Cola states as follows:

1. On December 9, 2020, Plaintiff Bethany Wheat commenced this action in the Circuit Court of Cape Girardeau County, Missouri by filing her Petition. A copy of the Petition is attached as Ex. A.

2. Wheat's Petition purports to assert claims for sex-based harassment, discrimination, hostile work environment, retaliation, and constructive discharge under the Missouri Human Rights Act ("MHRA"). *See* Ex. A, ¶¶ 8-38.

3. Heartland Coca-Cola was served with the summons and Petition on January 5, 2021. In accordance with § 1446(a), copies of all process, pleadings, and orders served on Heartland Coca-Cola are attached as Ex. B.

4. A copy of the state-court file is attached as Exhibit C.

5. Under 28 U.S.C. § 1446(b), removal is timely if filed within 30 days after a defendant is served with a summons and the initial pleading, and, thus, Heartland Coca-Cola is timely filing this removal.

6. Under §§ 1441(a) and 1446(a), the U.S. District Court for the Eastern District of Missouri, Southeastern Division, is the appropriate court for removing an action from the District Court for Cape Girardeau County, Missouri, where this action was originally filed.

7. Further, in accordance with 28 U.S.C. § 1446(d), Wheat and the Clerk of the District Court for Cape Girardeau County are being served with copies of this Notice of Removal.

### DIVERSITY JURISDICTION

8. This court has jurisdiction over this action under § 1332(a) because the named parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. In her Petition, Wheat alleges that she is a resident of Cape Girardeau County, Missouri. *See* Ex. A, ¶ 1. Thus, upon information and belief, Wheat is a Missouri citizen.

10. Heartland Coca-Cola is a Kansas limited liability company, and all of its members are either citizens of Kentucky or Wisconsin. None of its members are citizens of Missouri. As such, Heartland Coca-Cola is a citizen of Kentucky and Wisconsin. *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An LLC's membership, for purposes of diversity jurisdiction, is the citizenship of each of its members.").

11. The amount in controversy also exceeds $75,000, exclusive of interest and costs.

12. In her Petition, Wheat seeks damages "in an amount in excess of $25,000.00" for (1) "emotional distress," (2) "lost wages and benefits of employment," and (3) "punitive damages." *See* Ex. A, pp. 7-8. Wheat also seeks to recover attorneys' fees. *Id.*, p. 8. As such, Wheat's

Petition—on its face—seeks more than $75,000 in damages.[1]

13. As stated by the Supreme Court, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The standard for determining whether the amount in controversy requirement is met is "whether a fact finder might legally conclude" that a plaintiff's damages are greater than $75,000. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002) (internal citations omitted).

14. Courts consider actual damages, compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Kopp*, 280 F.3d at 886; *Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

15. The MHRA provides for recovery of actual damages, including back pay, front pay, and emotional distress, punitive damages, and attorneys' fees. *See* Mo. Rev. Stat. §§ 213.111.2, .4.

16. An award of damages for back-pay damages, front pay, emotional distress, punitive damages, and attorneys' fees could exceed $75,000. Moreover, these damages can be aggregated to meet the jurisdictional threshold. *See Brooks v. Kelly*, No. 4:11CV01510 AGF, 2011 WL 6009657, at *3 (E.D. Mo. Dec. 1, 2011) (citing *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 765-67 (8th Cir. 2001)); *see also Riffert v. Walgreen Co.*, No. 4:07CV1912 JCH, 2008 WL 495643, at *2 (E.D. Mo. Feb. 20, 2008) (back wages, front wages, and emotional distress all

---

[1] The amounts asserted in this Notice of Removal are those amounts which Wheat's Petition can be reasonably read to be requesting. While these amounts are in controversy, Heartland Coca-Cola denies the claims in the Petition and that any sum is owed to Wheat.

increased the amount in controversy).

17.     Wheat alleges that she worked for Heartland Coca-Cola for just under one year as a merchandiser making $11.16 per hour, until her resignation in April 2019. *See* Ex. A, ¶¶ 11, 14, 23. Because Wheat was a full-time employee, she would have earned approximately $23,200 per year.[2] Consequently, Wheat's back pay from April 2019 until the middle of 2022, when this matter would arguably go to trial, alone totals approximately $69,600.[3]

18.     Additionally, while emotional-distress damages can vary, they do increase the value of Wheat's claims. *See, e.g., Rowe v. Hussman Corp.*, 381 F.3d 775 (8th Cir. 2004) (affirming award of $500,000 in emotional distress damages); *Morse v. S. Union Co.*, 174 F.3d 917 (8th Cir. 1999) (affirming award of $70,000 in emotional distress damages in age discrimination claim).

19.     Recent jury verdicts for plaintiffs for MHRA claims exceeded $75,000:

- *Hesse v. Missouri Dep't of Corrections*, 2016 WL 825832 (Cir. Ct. Jackson County, Mo. January 20, 2016) (jury verdict of $500,000 for compensatory pain and suffering and $1,000,000 for punitive damages for claims of gender discrimination and retaliation);

- *Mayes v. United Parcel Service, Inc., et al.*, 2018 WL 7958657 (Cir. Ct. City of St. Louis, Mo. June 6, 2018) (jury verdict of $350,000 for compensatory damages and $7,000,000 for punitive damages for gender discrimination and hostile work environment claims).

20.     Punitive damage awards in MHRA cases can exceed $75,000 by themselves:

- *Coats & Harrold v. Premier Mortg. Funding, Inc.*, No. 06cc-002611, 2007 WL 4966104 (St. Louis City, Mo., Apr. 5, 2007) (jury verdict of $215,000 in punitive damages under MHRA);

- *Williams v. Trans States Airlines, Inc., et al*, No. 2104cc-03601, 2008 WL 5449759 (St. Louis Co., Mo., Jan. 31, 2008) (jury verdict of $325,000 in punitive damages under the MHRA);

---

[2] $11.16/hour * 40 hours/week = $446.40; $446.40/week * 52 weeks = $23,212.80.
[3] $23,212.80/year * 3 years = $69,638.40.

- *Kisner v. Missouri Dep't of Mental Health*, 2010 WL 6775529, Dkt. No. 0916-CV24495 (Jackson Co., Mo., December 9, 2010) (jury verdict of $400,000 in punitive damages for gender discrimination and harassment claims under MHRA).

21. Fee awards in MHRA cases can exceed $75,000 by themselves:

- *Lee v. Consolidated* Freightways, No. 99-1227-SOW, Doc. 131 (W.D. Mo. Aug. 14, 2002) (order awarding plaintiff $112,430 in attorneys' fees in discrimination case);

- *Wallace v. DTG Operations, Inc.*, 563 F.3d 357, 361-365 (8th Cir. 2009) (affirming jury award of $30,000 in compensatory damages and remitting jury's $500,000 punitive damage award to $120,000 in retaliatory discharge claim under the MHRA for a total damage award of $150,000, and finding award of $220,000 in attorneys' fees and costs was not an abuse of discretion in retaliatory discharge suit under the MHRA);

- *McKinney v. Mercy Hosp. St. Louis*, No. 15SL-CC03392, 2018 WL 10806847 (St. Louis Co., Mo., Nov. 9, 2018) (order awarding plaintiff $347,550 in attorneys' fees in MHRA discrimination case), *aff'd.*, *McKinney v. Mercy Hosp. St. Louis*, 604 S.W.3d 680, 694 (Mo. App. E.D. 2020);

- *Harrison v. Harris Stowe State Univ.*, No. 1722-CC01238 (St. Louis City, Mo., May 1, 2020) (order awarding plaintiff $464.012.50 in attorneys' fees in MHRA discrimination claim).

22. Given Wheat's claims for lost wages and benefits, emotional distress damages, punitive damages, and attorneys' fees, the amount in controversy exceeds the $75,000 jurisdictional threshold. *See, e.g., Brooks*, 2011 WL 6009657, at *3 (alleged pay decrease of $30,000 per year satisfied amount in controversy).

23. Therefore, under § 1332(a), this court has original jurisdiction because the named parties are completely diverse—Wheat and Heartland Coca-Cola are citizens of different states—and the amount in controversy exceeds $75,000.

**Wherefore**, Heartland Coca-Cola gives notice that this action is removed from the Circuit Court of Cape Girardeau County, Missouri to the U.S. District Court for the Eastern District of Missouri, Southeastern Division.

Respectfully submitted this 4th day of February, 2021,

        CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

        */s/ Katie M. Rhoten*
        Robert L. Ortbals, Jr., #56540MO
        Katie M. Rhoten # 69287MO
        7733 Forsyth Blvd., Suite 1325
        St. Louis, Missouri 63105
        Telephone: (314) 925-7270
        Facsimile: (314) 925-7278
        rortbals@constangy.com
        krhoten@constangy.com

        **Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2021, a copy of the above and foregoing was served via operation of the Court's electronic filing system and by U.S. mail, postage prepaid, on the following:

John P. Clubb
Laura Clubb
THE CLUBB LAW FIRM, LLC
718 Caruthers
Cape Girardeau, MO 63701

**Attorneys for Plaintiff**

                                                           */s/ Katie M. Rhoten*
                                                           Attorney for Defendant