UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BETHANY WHEAT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21 CV 22 ACL |
| ) | |
| HEARTLAND COCA-COLA BOTTLING ) | |
| COMPANY, LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Bethany Wheat filed this action against Defendant Heartland Coca-Cola Bottling Company, LLC ("Heartland"), alleging employment discrimination in violation of the Missouri Human Rights Act ("MHRA"), Section 213.010 RSMo.  (Doc. 5.)  The action was originally filed in the Circuit Court of Cape Girardeau County, Missouri, and was removed to this Court on the basis of diversity jurisdiction.

Presently pending before the Court is Defendant's Motion to Partially Dismiss Plaintiff's Petition.  (Doc. 8.)  This matter is fully briefed and ripe for disposition.

### **Background**

On January 7, 2019, Wheat filed a charge of discrimination against Heartland with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") alleging that she had been sexually harassed by a co-worker, subjected to a hostile work environment, and retaliated against after reporting the harassment.  (Doc. 8-2 at p. 1.)  Wheat indicated that the discrimination had been "ongoing since August 2018," and that she was working for Heartland at the time she filed her charge of discrimination.  *Id.*

Wheat's employment with Heartland ended in April 2019.  (Doc. 5 at p. 4.)  On

1

September 11, 2020, the MCHR issued Wheat a Notice of Right to Sue for her discrimination charge against Heartland. *Id.* at p. 9.

In her Petition, Wheat alleges she is bringing claims of "sexual harassment, hostile work environment, and retaliation…" *Id.* at p. 2. Additionally, in the body of her Petition, Wheat claims she was forced to quit her job at Heartland in April 2019, which "constituted a constructive discharge." *Id.* at p. 4, 5, 6.

Heartland now requests that the Court dismiss Wheat's constructive discharge claim on the basis that Wheat has not administratively exhausted this claim.

## **Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. Rule 8(a)(2). The principle that a court must accept as true all of the

allegations contained in a complaint does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## **Discussion**

Heartland argues that the Petition purports to assert a claim for constructive discharge under the MHRA, but Wheat has not administratively exhausted this claim.

Wheat responds that she has not pled a claim for constructive discharge and does not seek to recover any damages under a theory of constructive discharge.  Instead, Wheat argues that her references to constructive discharge are "merely contextual descriptions of the facts giving rise to [Wheat's] claims for sexual harassment, hostile work environment and retaliation."  (Doc. 10 at p. 2.)  She therefore requests that the Court deny Heartland's Motion as moot. Wheat does not address the issue of whether she has exhausted a constructive discharge claim.

In its Reply, Heartland contends that the Petition alleges a distinct claim for constructive discharge, which should be dismissed for failure to exhaust.  (Doc. 12 at pp. 1-4.)

Missouri law requires plaintiffs to exhaust their administrative remedies prior to bringing MHRA claims.  Mo. Rev. Stat. § 213.075.1.  "[E]xhaustion requires a claimant to give notice of all claims of discrimination in the administrative complaint, but administrative complaints are interpreted liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices."  *Alhalabi v. Mo. Dep't of Nat. Res.*, 300 S.W.3d 518, 525 (Mo. Ct. App. 2009).  Because "administrative remedies are deemed exhausted as to all incidents of discrimination that are like or reasonably related to the allegations of the administrative charge[,] ... the scope of the civil suit may be as broad as the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination."  *Id.*  However,

"it is not reasonable to expect the [investigating agency] to look for and investigate [discrete] adverse employment actions if they are nowhere mentioned in the administrative charge." *Parisi v. Boeing Co.*, 400 F.3d 583, 586 (8th Cir. 2005); *see also Lin v. Ellis*, 594 S.W.3d 238, 242 (Mo. 2020) (en banc) ("In deciding a case under the MHRA, [state] appellate courts are guided by both Missouri law and federal employment discrimination caselaw that is consistent with Missouri law." (citation omitted)).

"Constructive discharge occurs when an employer deliberately renders an employee's working conditions so intolerable that the employee is forced to quit his or her job." *Wallingsford v. City of Maplewood*, 287 S.W.3d 682, 686 (Mo. 2009) (en banc). "A constructive discharge is a discrete act of discrimination or retaliation that stands separate and distinct from the continuing violation of a hostile work environment." *Henson v. Union Pacific Railroad Co.*, ___F.4th___, 2021 WL 2829127, at *3 (8th Cir. Jul. 8, 2021). *See generally Green v. Brennan*, ___ U.S. ___, 136 S. Ct. 1769, 1777 (2016) ("[In the claim-accrual context], a claim that an employer constructively discharged an employee is no different from a claim that an employer actually discharged an employee."); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 112-13 (2002); *see also Wallingsford*, 287 S.W.3d at 686 ("Claims of constructive discharge often include evidence of subtle discrimination in the form of social coercion, demotions or changes in job responsibilities.  As a result, constructive discharge is a fact-intensive inquiry.").

As an initial matter, the Court agrees with Heartland that the Petition pleads a claim for constructive discharge, rather than mere contextual descriptions of the facts.

Wheat filed only one charge of discrimination with the MCHR on January 7, 2019, approximately three months before her employment ended in April 2019.  She never filed a

4

charge or amended charge after her separation, making it legally impossible for Wheat to have exhausted administrative remedies in connection with a constructive discharge. *See, e.g., Thomas v. Sw. Bell Tel. Co.*, No. 4:14-CV-01993 ERW, 2016 WL 2622394, at *3 (E.D. Mo. May 9, 2016); *Busse v. Daiichi Sankyo, Inc.*, No. 4:13-CV-98 CEJ, 2013 WL 1755373, at *3 (E.D. Mo. Apr. 23, 2013). Whether intended or not the articulation of a constructive discharge claim in Wheat's Complaint must be dismissed as it has not been administratively exhausted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Partially Dismiss Plaintiff's Petition (Doc. 8) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's constructive discharge claim is hereby **dismissed**.

                                      s/*Abbie Crites-Leoni*
                                      ABBIE CRITES-LEONI
                                      UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of July, 2021.